## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-03035

WRIGHT & MCGILL CO,
a Colorado corporation,

      Plaintiff,

v.

ACTIVE OUTDOORS LLC,
A Pennsylvania limited liability company, and

JAMES M. KOWALSKI,
an individual,

      Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND

---

Plaintiff Wright & McGill Co. ("Plaintiff" or "W&M"), by and through its attorneys, for its Complaint for Declaratory Judgment against Active Outdoors LLC ("Active Outdoors") and James M. Kowalski ("Kowalski") collectively ("Defendants"), alleges as follows:

## I. PARTIES

1.      Wright & McGill Co. is a corporation organized under the laws of Colorado with a principal place of business at 4245 E. 46th Avenue, Denver, Colorado 80216.

2.      Upon information and belief, Active Outdoors is a limited liability company organized under the laws of the State of Pennsylvania, and has its principal place of business at 16 East Main Street, Glen Lyon, Pennsylvania, 18617.

1

3.      Upon information and belief, James M. Kowalski is the principal owner of Active Outdoors under the laws of the State of Pennsylvania, and has his place of business at 16 East Main Street, Glen Lyon, Pennsylvania 18617.

## II. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this claim pursuant to 35 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Defendants have consented to personal jurisdiction because Defendants conduct regular business within this judicial district, the activities giving rise to W&M's claims occurred in this judicial district, and W&M has been damaged in this judicial district by Defendants' conduct.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400 as a substantial part of the events giving rise to W&M's claims occurred in this judicial district.

## III. GENERAL ALLEGATIONS

7.      W&M is a leading manufacturer and distributer of a variety of outdoor products, including fishing rod holders.  Within its fishing rod holder line of products, W&M has offered or does offer, under its products known as, for example, "Eagle Claw" or "Jaw Bone" extendable stick rod holders ("Accused Products").  The Accused Products are used to hold fishing rods and are sold in a variety of shapes and colors.

8.      Upon information and belief, Active Outdoors is the purported assignee of United States Design Patent No. D647,995 ("the '995 Patent").

2

9.      The '995 Patent identifies James M. Kowalski and Kenneth Mieczkowski as the inventors.  The '995 Patent issued on November 1, 2011.  A true and correct copy of the '995 Patent is attached as Exhibit A and is incorporated by reference in its entirety.

10.     Upon information and belief, Defendants sell and/or distribute products, including products purportedly covered by the '995 Patent in the United States and in Colorado through a network of wholesalers and retailers.  At least some of these retailers operate active websites through which Defendants products may be purchased in Colorado.  At least some of these retailers physically operate in Colorado and offer Defendants' products for sale in retail establishments in Colorado.

11.     On June 10, 2017, Defendants, through counsel, issued a cease and desist letter to W&M's re-seller of the allegedly infringing products via certified mail.  In its cease and desist letter, Defendants asserted their belief that W&M is selling, offering for sale, and/or marketing products that infringe the '995 Patent.  Defendants also asserted its belief that W&M offers products infringe Defendants' trade dress rights.  A redacted copy of the June 10, 2017 letter is attached as Exhibit B and is incorporated by reference in its entirety.

12.     After a teleconference between W&M and Defendants, Defendants issued a subsequent letter dated November 8, 2017, in which counsel for Defendants claimed, among other things, W&M "knocked off my client's design, infringing not only his design patent but knocking off his trade dress features…."  Counsel for Defendants concluded after his claims of patent and trade dress infringement, "[a]fter considerable reflection, my client is no longer interested in licensing as a means of settlement."  A redacted copy of the November 8, 2017 letter is attached as Exhibit C and is incorporated by reference in its entirety.

13.     No product made or sold by W&M, including the Accused Products, infringes any valid claim of the '995 Patent or any valid trade dress rights of Defendants.

14.     An actual controversy exists between the parties with respect to the infringement, validity, and scope of the '995 Patent and Defendants purported trade dress.

## IV.  FIRST CLAIM FOR RELIEF
(Declaration of Non-Infringement of the '995 Patent)

15.     W&M incorporates the preceding paragraphs as though fully set forth herein.

16.     Defendants assert the Accused Products infringe the '995 Patent.

17.     As properly interpreted, W&M's products do not infringe any valid and enforceable claim of the '995 Patent.

18.     An actual and justiciable controversy has arisen between W&M and Defendants concerning infringement of the '995 Patent.

19.     W&M is entitled to judgment from this Court declaring that the '995 Patent is not infringed pursuant to 28 U.S.C. § 2201.

## V.  SECOND CLAIM FOR RELIEF
(Declaration of Invalidity of the '995 Patent)

20.     W&M incorporates the preceding paragraphs as though fully set forth herein.

21.     W&M denies that the '995 Patent is valid and asserts that the '995 Patent is invalid pursuant to 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

22.     An actual and justiciable controversy has arisen between W&M and Defendants concerning the validity of the '995 Patent.

23.     W&M is entitled to declaration that the '995 Patent is invalid pursuant to 28 U.S.C. § 2201.

## VI.  THIRD CLAIM FOR RELIEF
(Declaration of No Trade Dress Infringement)

24.     W&M incorporates the preceding paragraphs as though fully set forth herein.

25.     Defendants' purported trade dress is not distinctive, and Defendants have no enforceable trade dress rights.

26.     W&M created its line of products in good faith, with no intention of creating association in the minds of consumers with the claimed trade dress or with Defendants' purported rights generally.

27.     W&M is aware of no instances of confusion or mistake between its products and any purported rights of the Defendants.

28.     An actual and justiciable controversy has arisen between W&M and Defendants concerning the scope and infringement of Defendants' purported trade dress rights.

29.     W&M is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 that, as properly interpreted, W&M's products, including the Accused Products, do not fall within the scope of any valid or enforceable rights of Defendants and do not constitute a violation of any of Defendants' purported trade dress rights, whether based upon statute, or federal, state or common law, including, but not limited to § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, W&M respectfully requests that the Court enter an Order for Judgment as follows:

A.     That Active Outdoors and Kowalski, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary

entities, and any and all persons in act of concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined from:

      1.      Threatening to assert or asserting the '995 Patent against W&M, their agents, employees, suppliers or customers;

      2.      Claiming that W&M's products infringe any claim of the '995 Patent;

      3.      Claiming that the '995 Patent is valid and/or enforceable;

      4.      Threatening to assert or asserting their purported trade dress rights against W&M, their agents, employees, suppliers or customers;

      5.      Claiming that W&M's products infringe their purported trade dress;

      6.      Claiming that their trade dress rights are valid and/or enforceable;

B.      That the '995 Patent is not infringed by the importation, exportation, manufacture, advertising, distribution, sale or use of W&M's products, including the Accused Products;

C.      That the '995 Patent is invalid;

D.      That Defendants' trade dress rights, if any, are not infringed by the importation, exportation, manufacture, advertising, distribution, sale or use of W&M's products, including the Accused Products;

E.      That Defendants have no trade dress rights;

F.      Awarding W&M their attorney's fees and costs incurred in prosecuting this action, including their expert witness fees; and

G.      Awarding such other and preliminary and permanent relief to W&M as the Court deems equitable and appropriate.

## VIII. <u>JURY DEMAND</u>

W&M demands a jury trial on all issues so triable.

Dated: December 15, 2017             Respectfully submitted,


By:    *s/ John C. Heuton*
          Bradley M. Knepper
          John C. Heuton
          SHERIDAN ROSS P.C.
          1560 Broadway, Suite 1200
          Denver, Colorado, 80202
          Telephone: 303-863-9700
          Facsimile: 303-863-0223
          E-mail: jheuton@sheridanross.com
                  litigation@sheridanross.com

      ATTORNEYS FOR PLAINTIFF